```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                    Plaintiff,

-against-

THE WALT DISNEY COMPANY, et al.,

                    Defendants.

24-CV-02283 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is *pro se*, commenced this action against The Walt Disney Company, Hulu, and National Geographic Corporation on March 21, 2024, and paid the requisite filing fees. *See* Dkt. No. 1. On July 18, 2024, Plaintiff filed a "motion for injunctive relief relating to Attorney William Hughey possibly defrauding Plaintiff out of $12 million dollars." *See* Dkt. No. 13 at 1. The Court denied Plaintiff's motion for injunctive relief on July 23, 2024 because Plaintiff "lack[ed] authority to grant the relief requested" by Plaintiff and because Plaintiff's motion "fail[ed] to address the elements necessary for the Court to grant injunctive relief." Dkt. No. 14 at 2–3.

On August 8, 2024, Plaintiff filed a "motion for reconsideration to grant injunctive relief to unseal FBI report or appoint a master to investigate." Dkt. No. 17. This motion is now before the Court.

### I. LEGAL STANDARD

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 473 (2d Cir. 2006) (per curiam). Despite this, *pro se* litigants are still "'required to inform themselves of the procedural rules and to comply with them.'" *Azkour v. Haouzi*, No. 11-cv-

05780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).

"A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1995)). In other words, "'to be entitled to … reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *Zietek v. Pinnacle Nursing & Rehab Center*, 21-cv-5488 (AT), 2022 WL 624881, at *1 (S.D.N.Y. Mar. 2, 2022) (quoting *Dietrich v. Bauer*, 198 F.R.D. 397, 299 (S.D.N.Y. 2001)). "The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e), or 60(a) rests within 'the sound discretion of the district court.'" *Turner v. Naphcare*, 19-cv-412 (LGS), 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II.  DISCUSSION

Here, Plaintiff's motion does not raise "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice" that would compel the Court to revise or reconsider its previous Order. *Kolel*, 729 F.3d at 104. Plaintiff does not discuss the Court's July 23 Order, and certainly does not identify any facts or controlling law that the Court overlooked in that Order. *See generally* Dkt. No. 17. Rather, Plaintiff presents the Court with a re-hashing of the arguments presented in his initial motion for injunctive relief in an attempt to relitigate that motion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Plaintiff provides further detail in support of his arguments for injunctive relief, but the Court already considered and denied these arguments on his initial motion for injunctive relief. *See Turner* 2020 WL 8988671, at *1 ("Pro se Plaintiff provides further detail on the incidents supporting his arguments . . . which were considered on the motion for preliminary injunction."). Furthermore, Plaintiff again requests relief that this Court is unable to grant and presents factual arguments that are wholly irrelevant to the underlying action. *See Kolel*, 729 F.3d at 108 (affirming denial of a motion for reconsideration where *inter alia*, appellants presented evidence regarding "disputes and matters not relevant to [the] proceeding or not before the Court").

Because "the Court must not allow a party to use the motion [for reconsideration] as a substitute for appealing from a final judgment," *Dietrich*, 198 F.R.D. at 399, the Court declines to consider Plaintiff's arguments for a second time.

### III.   CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's motion for reconsideration (Dkt. No. 17) is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 17 and mail a copy of this Order to Plaintiff.

Dated: August 13, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge