```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                Plaintiff,

-against-

THE WALT DISNEY CO., et al.,

                Defendants.

24-cv-02283 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff David Louis Whitehead, who is *pro se*, commenced this action against Defendants The Walt Disney Company, Hulu, and National Geographic Corporation on March 21, 2024, and paid the requisite filing fees. *See* Dkt. No. 1. On September 27, 2024, Defendants filed a motion to dismiss. Dkt. No. 31. Plaintiff opposed Defendants' motion on October 11, 2024. Dkt. No. 41. After the Court was made aware of Plaintiff's intent to file an amended complaint, *see* Dkt. No. 44, the Court granted Plaintiff an extension of time, until November 15, 2024, to file his amended complaint. Dkt. No. 46. To date, Plaintiff has not filed an amended complaint.

      On November 18, 2024, Plaintiff filed four motions: (1) motion to allow Plaintiff to amend the complaint after Defendants file a reply in support of their motion to dismiss (Dkt. No. 47); (2) motion to strike Defendants' motion to dismiss (Dkt. No. 48); (3) motion to attach exhibits to Plaintiff's motion to strike (Dkt. No. 49); and (4) motion to unseal an alleged federal investigation (Dkt. No. 50).

      The Court has carefully reviewed each motion. In light of Plaintiff's personal circumstances caring for a sick relative, *see* Dkt. No. 47 at 2, the Court finds that an extension of time for Plaintiff to file an amended complaint is warranted. However, Plaintiff's requested relief that he should be permitted to file an amended complaint after Defendants file a reply in support of their motion to dismiss is not an appropriate remedy. Thus, the Court will grant Plaintiff an extension of time to file an amended complaint, but will not require Defendants to file a reply in support of their motion to dismiss before such amended complaint is filed.

      There is no justification for Plaintiff's motion to strike Defendants' motion to dismiss. Therefore, the Court will deny Plaintiff's motion to strike (Dkt. No. 48) and Plaintiff's motion to attach exhibits to his motion to strike (Dkt. No. 49). Consistent with Rule III(E)(4) of the Court's Individual Rules and Practices, if Plaintiff amends his complaint, Defendants may "(1) answer; (2) file a new or supplemental motion to dismiss; or (3) submit a letter on ECF stating that it relies on the previously filed motion to dismiss." Therefore, Defendants' motion to dismiss will remain an active motion unless and until Defendants inform the Court that they no longer wish to rely on such motion.

Finally, Plaintiff's motion to unseal miscellaneous federal investigations (Dkt. No. 50) requests relief that this Court cannot grant. This motion seeks to direct action on the part of the Federal Bureau of Investigation, who has not been served and has no apparent connection to the intellectual property litigation that is pending before this Court. Accordingly, this Court lacks the authority to grant the requested relief, and Plaintiff's motion to unseal must be denied on this ground alone.

Accordingly, it is hereby ORDERED that Plaintiff's motion to allow Plaintiff to amend the complaint after Defendants file a reply in support of their motion to dismiss (Dkt. No. 47), motion to strike Defendants' motion to dismiss (Dkt. No. 48), motion to attach exhibits to Plaintiff's motion to strike (Dkt. No. 49), and motion to unseal an alleged federal investigation (Dkt. No. 50) are DENIED. It is further ORDERED that Plaintiff shall file his amended complaint no later than **December 20, 2024**. Defendants shall respond to the amended complaint, in accordance with Rule III(E)(4) of the Court's Individual Rules, no later than **January 10, 2025**. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 47, 48, 49, and 50.

The Court certifies under 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: November 19, 2024
       New York, New York

                      SO ORDERED.

MARGARET M. GARNETT
United States District Judge