USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                      Plaintiff,

-against-

THE WALT DISNEY COMPANY, et al.,

                      Defendants.

24-CV-02283 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On December 10, 2024 (Dkt. No. 56), January 2, 2025 (Dkt. No. 61),[1] and January 3, 2025 (Dkt. No. 62), Plaintiff moved to stay the proceedings in this action pending his interlocutory appeal of this Court's November 19, 2024 Order, Dkt. No. 52. On January 7, 2025, Defendants filed their opposition to Plaintiff's motions to stay. *See* Dkt. Nos. 59 (in opposition to Dkt. No. 56) & 71 (indicating Defendants rely on their prior opposition in response to Dkt. Nos. 61 and 62). For the reasons set forth herein, Plaintiff's motions to stay are DENIED.

      The grounds of Plaintiff's appeals and motions to stay are of the same nature and substance as Plaintiff's prior motion for injunctive relief, Dkt. No. 13, which the Court denied on July 23, 2024, Dkt. No. 14 & 18 (denying Plaintiff's motion to reconsider the July 23, 2024 Order), as well as Plaintiff's prior motion to unseal, Dkt. No. 50, which the Court denied on November 19, 2024, Dkt. No. 52. The Court has previously certified under 28 U.S.C. § 1915(a)(3) that appeals taken from the July 23, 2024 and November 19, 2024 Orders "would not be taken in good faith." *See* Dkt. Nos. 14 & 52.

      "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he decision whether to issue a stay is [therefore] firmly within a district court's discretion." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal marks omitted) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995)).

---

[1] The ECF docket text for Dkt. No. 61 is a "motion for discovery," but because the nature of a motion is determined by its substance, the Court construes Plaintiff's January 2 motion as another motion to stay. *See Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 136 (2d Cir. 2000).

Courts consider the below four factors when determining whether to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *see Cooper v. Town of East Hampton,* 83 F.3d 31, 36 (2d Cir. 1996).

The Court finds that Plaintiff has not established that any of the four factors counsel in favor of issuing a stay in this action.

*First*, as to the likelihood of success on his appeals, the Court finds that Plaintiff's appeals are unlikely to succeed for the same reasons underlying the denials of Plaintiff's prior motions for injunctive relief and to unseal, and that Plaintiff's appeals are taken in bad faith. *See* Dkt. Nos. 14 & 52 (certifying under 28 U.S.C. § 1915(a)(3) that appeals taken "would not be taken in good faith").

*Second*, as to irreparable harm, Plaintiff has not alleged or demonstrated any irreparable harm necessitating a stay. *See Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) ("The movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." (internal marks omitted)). In his motions, Plaintiff simply reiterates the same arguments and requests he has previously made.

*Finally*, as to the harm to Defendants and the public interest, the Court finds that staying the proceedings in this action would unnecessarily and unfairly delay the case's resolution, to Defendants' and the public's detriment, especially given Plaintiff's history as a repeat and "vexatious litigant." *See Whitehead v. Netflix, Inc.*, No. 22-cv-00883 (LTS), Dkt. No. 14 (S.D.N.Y. July 27, 2022) (collecting cases and noting that "multiple courts have declared [Plaintiff] a vexatious litigant and warned or imposed leave-to-file restrictions or other sanctions on him").

***

Plaintiff's motions to stay the proceedings in this action, Dkt. Nos. 56, 61, and 62, are hereby DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

3

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 56, 61, and 62.

Dated: January 28, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge