UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAVID LOUIS WHITEHEAD,

                          Plaintiff,

-against-

THE WALT DISNEY COMPANY, HULU, and
NATIONAL GEOGRAPHIC CORPORATION,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 24 Civ. 2283 (MMG) (JW)

ECF Case

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR ATTACHMENT AND TO REVISE THE DOCKET

Thomas B. Sullivan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6139
Fax: (212) 223-1942
sullivant@ballardspahr.com

Lauren P. Russell (admitted *pro hac vice*)
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-7605
Facsimile: (202) 661-2299
russelll@ballardspahr.com

*Attorneys for Defendants*

Defendants The Walt Disney Company, Hulu LLC and National Geographic Partners, LLC (collectively, "Defendants")[1] respectfully submit this memorandum of law in opposition to two motions of Plaintiff David Louis Whitehead ("Plaintiff"): (1) his motion to "attach[]" purported "amended similarities" between his work and Defendants' work to his motions for an injunction and for summary judgment, Dkt. 123 (the "Attachment Motion"), and (2) his motion to revise the ECF docket to reflect an earlier filing date for this Attachment Motion, Dkt. 126. This Court should reject Plaintiff's improper effort to belatedly supplement his motions[2] with new factual material and arguments after Defendants have filed their oppositions. In addition, because the docket should reflect the date materials were actually filed and made available to the parties and the Court, the filing date should not be altered.

## BACKGROUND

Plaintiff filed his most recent motion for injunctive relief on February 22, 2025. *See* Dkt. 97. Defendants filed their opposition on March 21, 2025. *See* Dkt. 118. In their opposition, Defendants noted that Plaintiff failed to describe the scope of the requested injunction in any way, including the person or entity that would be enjoined and what activities the enjoined entity or person would be required to undertake or be barred from performing. *See id.* at 2-3. The motion also failed to even address three of the four factors considered by courts in issuing injunctions, including irreparable harm. *See id.* at 3. Finally, Defendants noted that Plaintiff had failed to show a substantial likelihood of success, including by failing to make an argument about similarity or demonstrate that Defendants had access to his works. *See id.* at 3-4.

---

[1] Plaintiff names "Hulu" and "National Geographic Corporation" as Defendants in this matter. The correct corporate names are Hulu LLC and National Geographic Partners, LLC.

[2] Plaintiff's motion papers refer to a motion for summary judgment, Dkt. 123 at 1, but no such motion is pending, *see* Dkt. 83 (denying summary judgment motion). Defendants have inferred

Plaintiff filed his second motion for reconsideration of this Court's decision denying his motion for summary judgment on February 26, 2025. *See* Dkt. 102. Defendants filed their opposition on March 21, 2025. *See* Dkt. 117. In their opposition, the Defendants contended that the motion was procedurally improper, *see id.* at 1-2, Plaintiff had not identified any overlooked case or fact, *see id.* at 2, and the Court's original decision was indisputably correct, *see id.* at 3.

Plaintiff's new Attachment Motion seeks to "attach[]" arguments and allegations regarding "amended similarities" between Plaintiff's works and Defendants' work *Genius Aretha* to these two prior motions. *See* Dkt. 123 at 1. Plaintiff does not explain what he means by a "motion for attachment" or argue why "attachment" is appropriate, but instead simply includes 14 pages of material related to purported similarities between the works. *See id.* at 1-14.

The second motion addressed in this opposition asks the Court to order the Clerk's Office to revise the ECF docket so that it reflects that his Attachment Motion, which was docketed on April 1, 2025 with an as-filed date of March 31, 2025, was instead filed on March 25, 2025. *See* Dkt. 126. As he acknowledges, it is true that the motion was not docketed until April 1, 2025. *See id.* at 1.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO ATTACH NEW ARGUMENTS AND ALLEGATIONS TO HIS PREVIOUSLY FILED MOTIONS

While the exact nature of Plaintiff's Attachment Motion is somewhat obscure, it appears he intends to supplement his prior motion papers to add arguments related to claimed similarities between the works at issue. A motion to supplement a party's briefing papers is properly denied where it "does not present facts or arguments that would previously have been unknown to the

---

that Plaintiff intends to refer his second motion for reconsideration of this Court's denial of his summary motion, which is the only potentially relevant active motion.

2

Plaintiff" and "rather, it merely contains additional arguments that could have been made in the original motion." *Book v. Lupinacci*, 2006 WL 1182275, at *6 (D. Conn. Jan. 12, 2006);[3] *see Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68, 85-86 (S.D.N.Y. 2021) (finding arguments "raise[d] for the first time in [moving party's] supplemental submission" were forfeited because he "could have and should have raised them in his original motion papers" (cleaned up)); *The Res. Mine, Inc. v. Gravity Microsystem LLC*, 2015 WL 8665444, at *2 (E.D.N.Y. Dec. 11, 2015) (declining to consider arguments made in supplemental motion papers "relating to claims that were already in existence at the time defendants submitted their original moving papers"). Plaintiff does not contend that he could not have presented his new arguments in his original motion papers. He was certainly well aware of the need to allege similarity. Defendants first raised his failure to do so six months ago in their motion to dismiss. *See* Dkt. 32 at 9-13. For this reason, the motion should be denied.

In addition, allowing Plaintiff to supplement his motions at this point, after Defendants have already opposed them, would be fundamentally unfair. Courts routinely find that a party "will not be heard to advance for the first time in reply papers new arguments that could and should have been made in their opening papers." *White v. First Am. Registry*, 592 F. Supp. 2d 681, 683 (S.D.N.Y. 2009). This is because "[t]o countenance such action would promote litigation by ambush and, in any case, deprive [the other party] of a fair opportunity to respond." *Id*. It appears that Plaintiff does not intend these as reply papers,[4] but the same principle should apply. If granted, Plaintiff's motion would allow him to make extensive arguments about purported similarities between his works and Defendants' work without giving Defendants the opportunity to address them.

---

[3] Defendants will supply Plaintiff with copies of all unreported cases cited in this memorandum.

3

This principle holds even though Defendants' opposition to Plaintiff's motion for injunctive relief pointed out that Plaintiff had failed to argue that there were similarities between the works at issue. *See* Dkt. 118 at 3-4. While a reply may address a "new issue raised . . . in [the] opposition papers," it is inappropriate to introduce new evidence in an "attempt to cure deficiencies in [the] motion highlighted by the [other party] in their opposition." *LBBW Luxemburg S.A. v. Wells Fargo Secs. LLC*, 2016 WL 3080723, at *5 (S.D.N.Y. May 13, 2016). As one court put it, a

> reply brief is an opportunity to address arguments raised in the opposing party's response, not a chance to introduce new lines of arguments or facts that a movant failed to introduce earlier. A moving party is expected to come with its game when it files its motion, addressing completely each issue that must be addressed to obtain the relief it seeks.

*E2Interactive, Inc. v. Blackhawk Network, Inc.*, 2010 WL 1981640, at *1 (W.D. Wis. May 17, 2010). Plaintiff failed to fully support his motion at the time of filing. He should not be allowed to go back and do so now simply because Defendants pointed out his failure in their opposition papers.

To the extent the Court considers these new arguments and allegations related to similarity, Defendants would respectfully request leave to file a sur-reply to address them. *See DT v. Somers Cent. Sch. Dist.*, 2009 WL 10706891, at *2 (S.D.N.Y. Feb. 11, 2009) ("a court may grant leave to file a sur-reply where the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply" (internal marks omitted)), *aff'd on other grounds*, 348 F. App'x 697 (2d Cir. 2009). Specifically, many of the supposed similarities related to the facts of Aretha Franklin's life or are scenes a faire. Others are simply not actually similar even as described by Plaintiff.

---

[4] Plaintiff has separately filed a reply in support of his motion for an injunction. *See* Dkt. 129.

4

However, the Court need not consider these issues at all because, even if the supplemental material was incorporated into Plaintiff's earlier motions, they would still be fundamentally deficient. With respect to his motion for an injunction, even if Plaintiff could establish similarities between the works at issue (and, again, he does not), the motion does not actually describe the injunction sought and Plaintiff's papers do not address irreparable harm. *See* Dkt. 118 at 2-3. With respect to Plaintiff's second motion for reconsideration, a second reconsideration motion is procedurally improper and his summary judgment motion was properly denied as premature because discovery has not commenced. *See* Dkt. 117 at 1-3. Moreover, the new arguments and allegations could not be considered on reconsideration regardless.

For these reasons, the Court should reject Plaintiff's motion to attach new allegations and arguments regarding similarity to his previously filed motions.

## II. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO REVISE THE DOCKET

Plaintiff has also moved to have the ECF docket adjusted to reflect that he filed his Attachment Motion on March 25, 2025. *See* Dkt. 126. The docket currently reflects what Plaintiff concedes is reality – the motion was not actually docketed until April 1, 2025. *See id.* at 1. There is no basis for this Court to direct the Clerk to revise currently accurate entries. *See United States v. Chandler*, 2010 WL 277089, at *2 (E.D.N.Y. Jan. 16, 2010).

Moreover, Plaintiff presents no explanation of why such an adjustment is necessary. Plaintiff is in no way prejudiced by having the motion listed as filed on a later date. The only possible reason for seeking an earlier date that occurs to Defendants is that Plaintiff wants to accelerate the date opposition is due. But it would be fundamentally unfair to cut the time for

5

Defendants to respond because of what Plaintiff contends is a technical issue in the Clerk's Office. *See* Dkt. 126 at 1.[5]

For these reasons, Plaintiff's motion to adjust the docket of this case should also be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny (1) Plaintiff's motion to attach new arguments and facts to his pending motions and (2) Plaintiff's motion to adjust the filing date of his Attachment Motion.

Dated: April 21, 2025  Respectfully submitted,

**BALLARD SPAHR LLP**

By: */s/ Thomas B. Sullivan*
Thomas B. Sullivan
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6139
Facsimile: (212) 223-1942
sullivant@ballardspahr.com

Lauren P. Russell (admitted *pro hac vice*)
1909 K Street, NW, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-7605
Facsimile: (202) 661-2299
russelll@ballardspahr.com

*Attorneys for Defendants*

---

[5] Plaintiff suggests that Defendants must have seen his motion papers before April 1, 2025 because it was discussed at the conference before Magistrate Judge Willis on March 26, 2025. In fact, Plaintiff informed the Court and Defendants at that conference that he had filed a "motion to attach substantial similarities" the day before, and Defendants' counsel stated that while it was not entirely clear from Plaintiff's description, it appeared that Plaintiff intended to file a sur-reply and that should be stricken for the reasons stated in Defendants' pre-motion conference letter regarding its intended motion to strike other sur-replies, Dkt. 108. *See* Tr. of Mar. 26, 2025 Hr'g at 56:18-58:5; 62:18-65:4.

6

## WORD COUNT CERTIFICATION

I, Thomas B. Sullivan, hereby certify that this Memorandum contains 1,805 words and is in compliance with Local Rule 7.1. In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

Dated: April 21, 2025                    */s/ Thomas B. Sullivan*
                                          Thomas B. Sullivan