**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DAVID LOUIS WHITEHEAD,

                 Plaintiff,               **ORDER**

      -against-               **24-CV-2283 (MMG) (JW)**

THE WALT DISNEY CO., *et al.*,

                 Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      The Court is in receipt of a series of motions including those to compel discovery, move for sanctions, supplement pleadings, amend the complaint, appoint a special master, and to hold all non-dispositive motions and other requests filed by Plaintiff in abeyance pending a ruling on the motion to dismiss. Dkt. Nos. 58, 76, 86, 95, 98, 112, 121. On March 26, 2025, this Court held a conference where both Parties were heard on the above-mentioned issues and the motion to dismiss.

      Plaintiff then filed a motion to appoint a special master on March 28, 2025. Dkt. No. 121. While dated March 19, 2025, because Plaintiff mailed the document to the *pro se* intake office, the motion was not filed until March 28th.

      Several of Plaintiff's motions are addressed to Judge Garnett. However, because this Court was initially referred general pre-trial matters, and later referred the pending motion to dismiss, this Court issues determinations on all letter motions that fall under its current jurisdiction. See Dkt. Nos. 51, 77.

## I. BACKGROUND

This Court does not provide an exhaustive background of this matter, but just enough to provide context for the determinations made in this Order. On March 21, 2025, *Pro se* Plaintiff Davis Louis Whitehead ("Plaintiff") filed a complaint against Defendants The Walt Disney Corporation, Hulu LLC, and National Geographic Partners, LLC ("Defendants").[1] Dkt. No. 1. The complaint alleges, in sum, that in July of 2017, Plaintiff pitched his film project on Aretha Franklin to Hulu LLC and Defendants subsequently released a television film titled "Genius Aretha" allegedly infringing upon Plaintiff's copyrighted works "My Aretha," "Aretha," and "Aretha II" (the Complaint"). Id.

On September 27, 2024, Defendants filed a motion to dismiss the Complaint. Dkt. Nos. 31–34. This Court has not held an initial case management conference or ordered the Parties to meet and confer under Federal Rule of Civil Procedure 26(f). Thus, no case management plan or discovery schedule was ever proposed to, or adopted by, this Court.

## II. DISCUSSION

### A. Plaintiff's Motions to Compel Discovery

Plaintiff has filed several "motion[s] for discovery" that this Court interprets as motions to compel discovery. See Dkt. Nos. 58, 76. Those motions seek to compel Defendants to provide the shooting scripts and videos of Genius Aretha, and to

---

[1] The Complaint erroneously names "Hulu" and "National Geographic Corporation" as Defendants. Dkt. No. 32. The Court uses the correct corporate names provided by Defendants. See id.

disclose how much money Defendants grossed from Genius Aretha's production and distribution. See Dkt. Nos. 58, 76.

Defendants oppose Plaintiff's motions to compel stating that generally discovery cannot be sought prior to a Rule 26(f) meeting and such meeting has not taken place in this matter. Dkt. Nos. 66, 80. Defendants also note that the video of Genius Aretha is publicly available. Dkt. No. 66.

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). None of those exceptions apply here. This Court has not ordered the Parties to meet and confer pursuant to Rule 26(f) and no discovery schedule has been set. Therefore, Plaintiff's motions to compel discovery are **DENIED**. These motions and any further motions to compel by Plaintiff will not become ripe until discovery has commenced and either Party, without sufficient reasoning, has refused to produce discovery.

### B. Plaintiff's Motion to Appoint a Special Master

On March 19, 2025, Plaintiff filed a letter requesting that this Court appoint a special master for a "probe relating to RICO Conspiracy and Fraud…." Dkt. No. 121. The letter states that the investigation concerns Defendants production of Genius Aretha and another film unrelated to this matter. Id.

Defendants oppose the request for a special master stating that Plaintiff's request "does not come close to the required showing." Dkt. No. 124. Rather,

Defendants allege "Plaintiff actually intends is to use the appointment of a master as a backdoor method to obtain discovery to support his otherwise deficient claims." Id.

Federal Rule of Evidence 53 provides, in relevant part, that a court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(c). "The decision of whether to appoint a special master is committed to the discretion of the district court." In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-MC-2542 (VSB), 2023 WL 4928184, at *1 (S.D.N.Y. Aug. 1, 2023) (citing Republic of Philippines v. New York Land Co., 852 F.2d 33, 36 (2d Cir. 1988)).

To begin, it is unclear what exactly Plaintiff desires a special master to investigate regarding the Complaint in this matter. Plaintiff's request for a special master makes no argument in support of the need for a special master. Moreover, based on the record, this Court cannot make the determination that any pre-trial matters exist that cannot be effectively and timely addressed by the Court. To the extent it relates to previous injunctive relief involving a request for a special master, Judge Garnett denied that request. See Dkt. Nos. 14, 17. Thus, even liberally construing Plaintiff's request, no basis currently exist for the appointment of a special master. Therefore, Plaintiff's motion requesting appointment of a special master is **DENIED**.

### C. Defendants' Motion for Leave to Strike or File a Sur-reply

On January 30, 2025, Judge Garnett amended the referral in this matter to require a report and recommendation from this Court on Defendants' motion to dismiss. Dkt. No. 77. On February 19, 2025, Plaintiff filed an affidavit, that includes arguments for his claims, in response to the amended referral. Dkt. No. 95. On February 23, 2025, Plaintiff filed a response to Defendants' abeyance motion that exceeded the scope of the abeyance by including an affidavit on "partial and striking similarities" between his works and the Defendants'. Dkt. No. 98 at 15–17.

On March 5, 2025, Defendants filed a letter motion seeking leave to file a motion to strike two of Plaintiff's affidavits or leave to file a sur-reply. Dkt. No. 108. Defendants argue that "Plaintiff's affidavits, though styled as responses to other documents, are in substance sur-replies providing further facts and argument in opposition to Defendants' dismissal motion." Id. Defendants assert that Plaintiff used those affidavits to "belatedly identify similarities between his work and that of Defendants." Id.

At the March 26th conference, Plaintiff explained that he was not aware of the procedural steps surrounding Judge Garnett's referral to this Court. Dkt. No. 127 at 47–53. As a result, Plaintiff filed the affidavit to show the Court the merits of his claims. Id.

While Plaintiff did not seek leave to file the affidavits detailing arguments in favor of his claims, the affidavits relate to the merits of the case and this Court intends to decide the motion to dismiss on its merits. Thus, Defendants' request for

5

leave to file a motion to strike is **DENIED**. However, Defendants are **GRANTED** leave to file a sur-reply. The sur-reply should not exceed 10-pages and is due 14 days from the date of this Order. Plaintiff is notified that he is **not** entitled to respond to Defendants' sur-reply.

### D. Plaintiff's Motions for Sanctions

*i. Sanctions on Corporate Statements*

Between February and March 2025, Plaintiff filed three letter motions for sanctions all related to the same alleged misrepresentation. Dkt. Nos. 92, 103, 109. Plaintiff's second letter states that it relies on arguments provided by Plaintiff in Dkt. Nos. 98 and 99. Dkt. No. 103. Plaintiff alleges that Defendant's counsel filed a "Corporate Statement stating that Comcast Corporation owns 33% of Hulu, but stated that he did not represent Comcast part to Hulu ownership." Id. Plaintiff attached to Dkt. No. 98 an email from Defendants' counsel stating "[w]e don't represent Comcast in this matter and have no authority to admit or deny anything on its behalf. Its corporate structure is also irrelevant to your copyright claims against other entities." Dkt. No. 98 at 76. For relief, Plaintiff request that the sanctions imposed be a denial of Defendants' motion to stay non-dispositive decisions, compel them to reply to his motion for summary judgment before Judge Garnett, deny the motion to dismiss, and allow discovery "related to fraud on the court." Dkt. Nos. 103, 109.

However, Plaintiffs third motion for sanctions seemingly withdraws the first two motions for sanctions but asserts a new motion based on "resubmitting" the alleged misrepresentation discussed in sanctions one and two. See Dkt. No. 109

Defendants assert that the representation that counsel does not represent Comcast is true. Dkt. No. 106. Defendants also note that the exchange started with Plaintiff asking Defendants' counsel if he would consent to Comcast, amongst others, having access to Plaintiff's screenplay Aretha and whether Comcast is the parent of other non-parties to this matter. Id.

On March 21, 2025, Defendants filed an amended corporate disclosure statement reflecting, amongst other things, Hulu LLC is "thirty-three percent (33%) owned by Comcast Hulu Holdings, LLC, an indirect subsidiary of the Comcast Corporation." Dkt. No. 119.

While Defendants may not have initially disclosed Comcast's 33% holding of Hulu LLC, counsel for Defendant does not represent Comcast in this matter. Thus, no misrepresentation was made. Therefore, Plaintiff's third motion for sanctions is **DENIED.** While some of the relief sought by Plaintiff (*i.e.,* compelling Defendants to reply to summary judgment) is only within Judge Garnett's authority, this Court need not defer any decision because it is based on matters pertaining to general pre-trial. Moreover, the motion is without merit and therefore does not reach any proposed relief.

*ii. Sanctions for Sur-reply.*

On March 8, 2025, Plaintiff filed a fourth motion for sanctions. Dkt. No. 110. Plaintiff claims that Defendants letter motion to strike or be granted leave to file a sur-reply, is itself a sur-reply. Id. Plaintiff then argues that act was "so outrageous it requires sanctions…." Id.

Defendants counter that their letter motion followed the proper approach to seek leave for a motion to strike or file a sur-reply. Dkt. No. 113. As a result, Defendants argue Plaintiff's fourth motion for sanctions should be denied. Id.

Plaintiff's fourth motion for sanctions is **DENIED**. Defendants letter was not a sur-reply but a request for leave to file one. Moreover, Defendants properly sought leave for their requested relief and nothing about their letter amounts to sanctionable actions.

**E. Defendants' Motion to Stay Non-dispositive Motions**

On February 14, 2025, in response to Plaintiff's habit of filing serial motions, Defendants filed a motion asking this Court to hold all non-dispositive motions and other requests filed by Plaintiff in abeyance pending a ruling on the motion to dismiss. Dkt. Nos. 86–87. Defendants argue, amongst other factors, that Plaintiff will not suffer any prejudice because the motion to dismiss is fully briefed and there is no suggestion the materials sought would be unavailable should discovery later commence. Dkt. No. 87 at 5. Defendants also argue that holding Plaintiff's non-dispositive motions in abeyance is in the Court's best interest. Id. at 6. Defendants support that argument by saying time and effort would be wasted on Plaintiff's

8

motions if the abeyance is not granted, but the motion to dismiss is later successful. Id.

Liberally construed, Plaintiff argues that his non-dispositive motions are important to establish facts that attack Defendants' motion to dismiss. Dkt. No. 98. At the March 26th conference, Plaintiff also argued that this Court should not hold his non-disputative motions in abeyance because he should be afforded the full process of putting on his case before the Court rules on the motion to dismiss. Dkt. No. 127 at 15.

"It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'" In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Many of Plaintiff's motions do not, as he claims, relate to the motion to dismiss. This Court is not inclined to allow Plaintiff to litigate the entirety of this case before ruling on Defendants' motion to dismiss.

Plaintiff will suffer no prejudice in seeking discovery, or other relief, if he must wait until after the forthcoming ruling on the Defendants' motion to dismiss—should the claims survive. Moreover, Plaintiff's motions are often unripe for judicial intervention. Thus, absent prejudice to Plaintiff and in the interest of judicial economy, Defendants' motion to hold all non-dispositive motions and other requests in abeyance is **GRANTED**. Any non-dispositive filings within this Court's

9

jurisdiction after the date of this Order will be denied.[2] If such motions are filed, Defendants need not respond. This Court may make a separate ruling on any filings that have been mailed or submitted as of today but not yet docketed.

### F. Plaintiff's Motion for leave to Amend the Complaint

By order dated September 30, 2024, Judge Garnett ordered Plaintiff to respond to Defendants' motion to dismiss or file an amended complaint by November 1, 2024. Dkt. No. 35. On October 11, 2024, Plaintiff filed an opposition to Defendants' motion to dismiss. Dkt. No. 41. Judge Garnett then extended Plaintiff's deadline to amend the Complaint to November 14, 2024. Dkt. No. 46.

On November 18, 2024, Plaintiff filed a motion seeking an extension for the deadline to amend the Complaint and that he be allowed to amend the Complaint after Defendants' reply brief. Dkt. No. 47. Judge Garnett denied the request to amend after Defendants' reply. Dkt. No. 52. However, given Plaintiff's need to care for a sick relative, Judge Garnett extended the deadline to amend to December 20, 2025. Id.

On March 12, 2025, Plaintiff filed a letter motion to this Court seeking leave to amend the Complaint. Dkt. No. 112. At the March 26th conference, Plaintiff informed the Court that he had relatives pass away on December 19, 2024 and March 2, 2025, and he had eye surgery on March 21, 2025. Dkt. No. 127 at 24–26, 82–84.

---

[2] This Court cannot preclude filings on matters before Judge Garnett. However, filings under this Court's jurisdiction but incorrectly addressed to Judge Garnett will also be denied.

Plaintiff argues that all those things prevented him from amending the Complaint. Id.

Defendants opposed the letter motion to amend arguing "(1) it is a motion for reconsideration that does not meet the requirements for such a motion; (2) Plaintiff has not included a copy of the proposed new complaint; (3) Plaintiff has not met Rule 16's good cause standard; and (4) Plaintiff has not even met the more lenient standards of Rule 15." Dkt. No. 114. At the March 26th conference, Defendants also noted that while Plaintiff claimed to be unable to amend, he still managed to file many other motions. Dkt. No. 127 at 27.

Pursuant to Rule 15, a party may amend its pleading either 21 days after serving it or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure, or undue prejudice. See United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

First, the Court is extremely sympathetic to the hardships Plaintiff has faced over the last few months. However, Plaintiff has been given multiple extensions on the deadline to amend his complaint and failed to do so. Plaintiff then waited until almost three months after his last deadline to seek this Court's permission to amend his complaint. Furthermore, contrary to Plaintiff's assertion that he did not have the

11

capacity to amend given his hardships, Plaintiff filed approximately 23 letters, motions, affidavits, or replies between December 19, 2024, and March 12, 2025. Moreover, many of the proposed amendments are new claims related to different films than the one that is the subject of this lawsuit. See Dkt. No. 112. Therefore, Plaintiff's request for leave to amend his complaint is **DENIED** as untimely.

If this Court recommends dismissal in its forthcoming report and recommendation, it will make a separate determination on whether Plaintiff should be allowed leave to amend the Complaint. That determination will focus on whether, with the then benefit of a judicial opinion, Plaintiff should be granted leave to amend the Complaint to cure any deficiencies—not to add completely unrelated claims.

### III.   CONCLUSION

For all the reasons explained in detail above:

- Plaintiff's motions to compel discovery are **DENIED**;

- Plaintiff's motion to appoint a special master is **DENIED**;

- Defendants' letter motion for leave file a motion to strike or leave to file a sur-reply is **DENIED** in part and **GRANTED** in part and Defendants' sur-reply is due 14 days from the date of this Order;

- Plaintiff's motions for sanctions are **DENIED**;

- Defendants' motion to hold all non-dispositive motions in abeyance is **GRANTED**; and

- Plaintiff's motion to amend his complaint is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 58, 76, 86, 103, 112, 121.**

SO ORDERED.

DATED:   New York, New York
         April 22, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge