**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
DAVID LOUIS WHITEHEAD,

                      Plaintiff,                      **ORDER**

                -against-                      24-CV-2283 (MMG) (JW)

THE WALT DISNEY COMPANY, HULU,
and NATIONAL GEOGRAPHIC
CORPORATION,

                      Defendants.
-------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On April 22, 2025, this Court issued an order ruling on a series of disputes between the Parties. Dkt. No. 132. Among those disputes was Defendants' letter motion to stay all non-dispositive decisions pending the Court's decision on the motion to dismiss. Id. at 8–10. This Court granted Defendants request. Id. Shortly thereafter, Judge Garnett also stayed any non-dispositive motions within her jurisdiction on this matter. Dkt. No. 133. Both orders directed Defendants not to reply to any non-dispositive motions that Plaintiff may file. Dkt. Nos. 132–33. On July 24, 2024, Plaintiff filed a motion to stay this matter for 30 days. Dkt. No. 147. As directed, Defendants did not respond.

As a threshold matter, to the extent Plaintiff seeks to stay any non-dispositive aspects of this case, that request is **DENIED** as moot because they have already been stayed. Accordingly, this Court construes Plaintiff's motion as one to stay the entire case. Per this Court's previous ruling that all non-dispositive filings would be denied until the motion to dismiss is decided, this Court may summarily deny Plaintiff's

motion. See Dkt. No. 132 at 9–10. However, this Court considers Plaintiff's instant motion to stay on its merits.

"A district court has inherent power to stay proceedings. Pellegrino v. Procter & Gamble Co., No. 23-CV-10631 (KMK), 2025 WL 240762, at *8 (S.D.N.Y. Jan. 17, 2025) (citations omitted). In deciding whether to grant a stay courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Chan v. United States Dep't of Transportation, No. 23-CV-10365 (LJL), 2025 WL 815323, at *1 (S.D.N.Y. Mar. 13, 2025) (quoting Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)). "The movant bears the burden of establishing its need for such a stay." Ball on behalf of Regeneron Pharms., Inc. v. Baker, No. 21-CV-6418 (NSR), 2022 WL 17808785, at *3 (S.D.N.Y. Dec. 18, 2022) (quotations and citations omitted).

Here, Plaintiff makes a single argument in favor of his request that this Court stay all proceedings. He asserts that the Court should grant a 30-day stay so an attorney can review and enter an appearance *pro hac vice* because "courts normally allow attorneys to enter [an] appearance [*pro hac vice*] for legal representation." Dkt. No. 147. Plaintiff fails significantly to meet his burden of establishing why a stay is appropriate. First, discussed above, all non-dispositive matters have already been stayed. Second, no stay is needed for his requested reason. Should an attorney wish

to make an appearance on his behalf, they may do so without a stay. Third, Plaintiff offers no other reason to stay all proceedings. Considering Plaintiff's failure to meet his burden and the overall lack of a need to stay this matter, Plaintiff's motion for a stay is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 147.**

SO ORDERED.

DATED:   New York, New York
         July 31, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge