**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DAVID LOUIS WHITEHEAD,

<table>
<tr><td style="padding-left:4em">Plaintiff,</td><td style="text-align:center"><u>ORDER</u></td></tr>
<tr><td style="padding-left:2em">-against-</td><td style="text-align:center"><b>24-CV-2283 (MMG) (JW)</b></td></tr>
</table>

THE WALT DISNEY COMPANY, HULU,
and NATIONAL GEOGRAPHIC
CORPORATION,

        Defendants.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

 On April 22, 2025, this Court issued an order ruling on a series of disputes between the Parties. Dkt. No. 132. Among those disputes were Defendants' letter motion for leave file a motion to strike or leave to file a sur-reply and Plaintiff's motion for leave to amend his complaint. <u>Id.</u> Regarding Defendants' motion, this Court denied Defendants motion to strike affidavits filed by Plaintiff but granted leave for Defendants to file a sur-reply. <u>Id.</u> This Court also instructed Plaintiff, that he was not permitted to file a response Defendants sur-reply. <u>Id.</u> This Court also denied Plaintiff's request for leave to amend his complaint.

 On May 2, 2025, Plaintiff filed a motion for reconsideration of this Court's rulings that he was not permitted to respond to Defendants' sur-reply and the denial of leave to amend. <u>See</u> Dkt. Nos. 135–136.

 "A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." <u>Van Buskirk v. United Grp. of Companies, Inc.</u>, 935 F.3d 49, 54 (2d Cir.

2019).  "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.</u>, 729 F.3d 99, 104 (2d Cir. 2013) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir.1992)).

Plaintiff's motion for reconsideration fails to provide any change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice.  Instead, Plaintiff's motion makes blunt false representations that this Court failed to consider his 25-day request for leave to amend and the passing of his relatives.  Dkt. No. 136.  To the contrary, Plaintiff's 25-day request for leave to amend was the topic of the denial of which he now seeks reconsideration, and this Court's decision cited to it directly.  <u>See</u> Dkt. No. 132 at 10 ("On March 12, 2025, Plaintiff filed a letter motion to this Court seeking leave to amend the Complaint.").  While omitting names, this Court also included and considered the passing of his relatives when it denied Plaintiff's request for leave to amend.  <u>See</u> <u>id.</u> at 10–11 ("At the March 26th conference, Plaintiff informed the Court that he had relatives pass away on December 19, 2024 and March 2, 2025, and he had eye surgery on March 21, 2025.").  Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 135 and 136.**

2

SO ORDERED.

DATED:     New York, New York
           July 31, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge