**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DAVID LOUIS WHITEHEAD,

                Plaintiff,                **ORDER**

       -against-                **24-CV-2283 (MMG) (JW)**

THE WALT DISNEY COMPANY, HULU,
and NATIONAL GEOGRAPHIC
CORPORATION,

                Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      Pro se Plaintiff David Louis Whitehead ("Plaintiff") filed an "Emergency Motion for Recusal Disqualification and Striking Magistrate Judge Jennifer Willis' Report and Recommendation to Dismiss the Above Captioned Case" ("Motion"), which appears to contain both a motion to recuse the Court pursuant to 28 U.S.C. Section 455 and objections to this Court's Report and Recommendation regarding the Motion to Dismiss at Dkt. No. 150. See Dkt. No. 156. To the extent Plaintiff's Motion is meant to be an objection to this Court's Report and Recommendation, District Judge Garnett will address that portion of the Motion. This order only addresses Plaintiff's motion for recusal pursuant to 28 U.S.C. Section 455.

      Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Section 455(b) provides in relevant part that a judge should also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. at § 455(b).

"Recusal motions are committed to the sound discretion of the district court." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007). "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited. As we have stated, a judge is as much obliged not to recuse [herself] when it is not called for as [s]he is obliged to when it is." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) (cleaned up).

Applying the relevant legal standards, the undersigned finds no basis to recuse herself from this action. Plaintiff argues for recusal based on this Court's alleged bias and prejudice against Plaintiff during the March 26, 2025, hearing and post-hearing rulings. Dkt. No. 156. Even if the undersigned's comments gave Plaintiff the impression that the undersigned has an unfavorable view of Plaintiff's case, judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994). The Court has no bias or prejudice towards Plaintiff or this case. Therefore, Plaintiff's motion to recuse the Court is **DENIED**.

To the extent part of Plaintiff's Motion at Dkt. No. 156 is meant to be an objection to this Court's Report and Recommendation (see Dkt. No. 150), District Judge Garnett will address that portion of the Motion in a subsequent order. SO ORDERED.

DATED:   New York, New York
         August 22, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge

2